MICHAEL BAILEY
United States Attorney
District of Arizona

MARK J. WENKER
Assistant United States Attorney
Arizona State Bar Number 018187
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
Email: mark.wenker@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | |
|---|---|
| Plaintiff, | **VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** |
| v. | |
| $19,520.00 in United States Currency, | |
| Defendant *In Rem*. | |

Plaintiff United States of America brings this Complaint and alleges as follows in accordance with Rule G(2) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"):

## NATURE OF THE ACTION

1. This is a civil action in rem, brought to enforce the provision of 21 U.S.C. § 881(a)(6) for forfeiture of United States currency which represents proceeds of trafficking in controlled substances or was used or intended to be used in exchange for controlled substances or was used or intended to be used to facilitate a violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801, et seq.

2. This is a civil action in rem, brought to enforce the provision of 18 U.S.C. § 981(a)(1)(C) for the forfeiture of property which constitutes or is derived from the proceeds traceable to a violation of 18 U.S.C. § 1952, interstate travel and use of the mail or any facility in interstate commerce with the intent to distribute the proceeds of unlawful activity as defined in 18 U.S.C. § 1952(b).

3. This is a civil action in rem, brought to enforce the provision of 18 U.S.C. § 981(a)(1)(A) and (C) for the forfeiture of property involved in a transaction or attempted transaction in a violation of 18 U.S.C. § 1956, money laundering, with the intent to promote the carrying on of a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7) and 1961, including but not limited to distribution of a controlled substance, and is property which constitutes or is derived from proceeds traceable to a violation of a specified unlawful activity.

4. Venue and jurisdiction in Arizona is based upon 21 U.S.C. § 881(j) and 28 U.S.C. § 1355(b) and § 1395 as acts and omissions occurred in the District of Arizona give rise to this forfeiture action. This Court has jurisdiction. 28 U.S.C. §§ 1345 and 1355, and 18 U.S.C. § 981(h).

## THE DEFENDANTS *IN REM*

5. The seized property consists of $19,520.00 in United States currency ("defendant property") which is currently in the custody of the United States Postal Inspection Service.

## BACKGROUND

6. Postal Inspectors with the Phoenix Division of the United States Postal Inspection Service ("USPIS") conduct routine examinations of inbound Priority Mail and Priority Express Mail items at the Phoenix Processing and Distribution Center (P&DC) located at 4949 E. Van Buren Street, Phoenix, Arizona 85026.

7. Based on training and collective experience, Postal Inspectors are aware that Arizona is a source location for controlled substances, due to its close proximity to the border between the United States and Mexico. Controlled substances are transported from Arizona via USPS and the proceeds from the sale of controlled substances are returned to Arizona via USPS.

8. Based on training and experience Priority Mail and Priority Express Mail parcels used to transport controlled substances or the proceeds from the sale of controlled substance typically display some or all of the following characteristics:

    (a) The parcel displays a label with handwritten address information addressed from one individual to another individual;

    (b) The handwritten label does not include a business account number, indicating a likely cash payment by the sender;

    (c) The parcel weighs more than a typical mailing, more than eight ounces for a Priority Mail Express and more than two pounds for Priority Mail; and,

    (d) The parcel was destined for an area known to be a frequent destination point for controlled substances, having been mailed from an area known to be a source location for controlled substances; or the parcel originated from an area known to be a frequent origination point for proceeds from the sale of controlled substances, having been mailed to an area known to be a destination location for proceeds from the sale of controlled substances.

9. On May 27, 2020, while conducting routine examinations of suspicious Priority Mail, and Priority Mail Express parcels at the Phoenix Processing and Distribution Center (P&DC), Postal Inspectors removed Priority Mail Express parcel EE381013760US (the "Parcel") from the mail stream after it was identified as bearing certain characteristics associated with controlled substances and/or proceeds from the sale of controlled substances.

10. The Parcel was postmarked May 26, 2020 and was addressed to "Colin Green, 11609 N. Pablo St., El Mirage, AZ 85335." The return was addressed to "Jon Wilkinson, 215 Old 6th St. W. #443, St. Paul, MN 55102."

11. The Parcel was a medium flat rate Priority Mail cardboard box sealed with Priority Mail Express tape which measured 11 5/8" x 2 1/2" x 13 7/16", weighed approximately 7 lbs., 9.8 oz., had $84.80 in postage affixed to it, and displayed a handwritten label.

12. Narcotic traffickers often hand write the labels attached to the mail piece instead of using a pre-printed label, as is customary with most legitimate businesses utilizing the Express Mail service.

13. The U.S. Mail is often used by narcotic traffickers to transport controlled substances and U.S. currency derived from the distribution of controlled substances, either as payment, or proceeds.

14. Traffickers know the U.S. mail, especially Express and Priority mail, is considered First Class mail and is protected against inspection without a federal search warrant. In addition, traffickers know that by using Express Mail they can track parcels, control dispatch times and locations, and most importantly, have a guarantee of delivery in one or two business days.

15. Traffickers also know that with Express Mail any delay in delivery could be an indication that the mailing may have been compromised by law enforcement.

16. The Parcel was mailed from ZIP Code 55116, which was different from the ZIP Code 55102 listed on the return address portion of the Express Mail label. Narcotic traffickers often mail parcels from different post offices to avoid detection.

17. Postal Inspectors have reported a trend in cases involving the sale of narcotics in which traffickers use valid addresses and individuals without criminal histories on mailing labels to receive parcels containing the proceeds from the sale of, or to purchase, controlled substances or contraband, for a fee or as a favor on behalf of the actual perpetrator.

18. Postal Inspectors know that once the parcel is delivered, the trafficker either arrives within a short period of time to retrieve the parcel, or is waiting at the delivery point at the time of delivery, or has the recipient transport the parcel to the trafficker.

### *Address Verifications*

19. On May 27, 2020, Consolidated Lead Evaluation and Reporting (CLEAR) research on the return address listed on the Parcel revealed that 215 Old 6th St. W. #443, St Paul MN, 55102 was a good delivery address, however, the return addressee Jon

4

Wilkinson, was not associated with the address. Investigators learned a business was associated with the return address which appeared to be a shelter.

20. On June 4, 2020, research was conducted through the Change of Address Reporting System (COARS). There were no forwards on file.

21. On June 11, 2020, address verification was conducted with the Post Office responsible for delivery to the return address, 215 Old 6th St. W. #443, St Paul MN. Jon Wilkinson was known to receive mail at the address.

22. On May 27, 2020, CLEAR research conducted on the destination address, 11609 N. Pablo St., El Mirage, AZ 85335, indicated it was a good delivery address, and the addressee, Colin Green, was associated with the address.

23. CLEAR research conducted on the phone number 602-802-3502, revealed the phone number was possibly assigned to an active wireless phone. Colin Green was associated with the phone number at 3940 W. Ruth Ave., Phoenix, AZ 85051.

24. On June 4, 2020, COARS research revealed a family change of address, effective May 13, 2020, forwarding mail for Colin Green and the Green family from 3940 W. Ruth Ave., Phoenix, AZ to 11609 N. Pablo St., El Mirage, AZ 85335.

25. On June 12, 2020, address verification was conducted with the Post Office responsible for delivery to 11609 N. Pablo St. address. Colin Green was known to receive mail there.

### *Canine Examination*

26. On May 27, 2020, Postal Inspectors met with Mesa Police Department Canine Handler Detective Dawn Haynes and narcotics detection canine "Nicole" at the P&DC.

27. Detective Hayes utilized K9 Nicole to inspect Priority Mail Express parcel EE381013760US. Detective Hayes and Nicole are certified by the National Police Canine Association (NPCA). Last certified on March 22, 2020. Nicole, a three year old Belgian Malinois, is trained to detect the odors of cocaine, marijuana, heroin, methamphetamine

5

and their derivatives. When Nicole recognizes the scent of one of the odors she is trained to detect, she alerts by laying down next to the item.

28. Nicole is a sophisticated drug dog. *See United States v. $132,245.00 in U.S. Currency,* 764 F.3d 1055, 1059 (9th Cir. 2014).

29. The Parcel was placed in an area within the P&DC facility and Nicole was deployed. Nicole located parcel EE381013760US and gave a positive final alert, indicating the presence of one of the odors she is trained to detect.

30. Based on training and experience investigators know that individuals who regularly handle controlled substances often leave the scent of controlled substances on the box and other packaging materials they handle. Packaging materials are also often stored in close proximity to the controlled substances, transferring the odor to the packaging materials.

### *Execution of Search Warrant 20-9162MB*

31. On May 28, 2020, Postal Inspectors obtained a federal search warrant (20-9162MB) for the Parcel. The search warrant was executed on May 29, 2020.

32. Inside the Parcel investigators found pieces of cardboard, a canvas bag, a metal spoon, miscellaneous rocks, plastic bags, used socks, a belt, watch face and a tan cardboard box.

33. The tan cardboard box contained miscellaneous rocks. The interior small Priority Mail cardboard box addressed with the return and destination addresses and sealed with clear tape, was found to contain a blue butane lighter and rubber banded bundles of U.S. currency totaling $19,520.00.

34. There were no notes, receipts or instructions within the parcel. To conceal their illegal activity, individuals who traffic in controlled substances rarely include any type of instruction with the proceeds from illegal activity. Legitimate businesses or personal gifts contain notes, letters receipts, cards or coupons included with the cash or monetary instruments.

6

35. The currency found inside the Parcel consisted mainly of $20 bills which accounted for $11,020.00 of the total $19,520.00.

36. Narcotic traffickers often use low denomination currency, primarily $20 bills, to conduct their business. The currency found in the Parcel was consistent with narcotic trafficking.

37. On May 29, 2020, a male individual who identified himself as "Jon Wilkinson" (the return addressee), called the Post Office to inquire about the status of the Parcel. Mr. Wilkinson stated his package was supposed to be delivered on May 27, 2020 by 3:00 PM.

38. Mr. Wilkinson further stated his parcel contained rock samples, meteorites, and vintage watches.

39. Mr. Wilkinson advised the parcel also contained three small boxes each marked with the same delivery address. Mr. Wilkinson provided a contact phone number of 651-508-7094.

40. CLEAR research conducted on the phone number provided by Mr. Wilkinson (651-508-7094) revealed the number was possibly associated with an active wireless phone associated with a John Jack. No address was listed.

41. On June 4, 2020, research was conducted through COARS revealing no forwards on file.

42. On June 11, 2020, address verification was conducted with the Post Office responsible for delivery to the return address which is believed to be a shelter. The carrier stated Jon Wilkinson was known to receive mail there.

43. Investigators were unable to obtain sufficient information for "Jon Wilkinson" to conduct a criminal history inquiry.

44. A criminal history inquiry on Colin Green revealed the following arrests in the State of Arizona:

> (a) May 9, 2012 - Possession Marijuana/Use, Possession Dangerous Drug/Use – Guilty, Probation 3 years;

(b) December 24, 2005 - Marijuana Possession/Use, Drug Paraphernalia Possession/Use, Possession Burglary Tools (not referred for prosecution);

(c) March 10, 2001 – False Reporting to Law Enforcement – Guilty, 1 day jail;

(d) May 31, 2000 - Drug Paraphernalia violation (disposition not recorded);

(e) September 23, 1999 – Possession Dangerous Drugs, Possession Drug Paraphernalia, Possession and Manufacture (no complaint filed);

(f) January 19, 1998 – Possession of Marijuana, Possession of Drug Paraphernalia, Possession/Manufacture (Court Dismissal) and Forgery – Guilty, Probation 4 years. Probation Revoked - 2.5 years prison (CCW).

45. On September 8, 2020, a wage request was conducted on the personal identifiers of Colin Green in the State of Arizona. Records indicate Mr. Green reportedly earned $44,373.70 in 2018, $45,588.95 in 2019, and $20,066.43 during the first and second quarters of 2020.

46. Mr. Green currently has an open benefits claim which would indicate he is receiving unemployment or some other form of State assistance.

47. On August 19, 2020, USPIS received a claim for the defendant property from Colin Green.

48. In response to the Interest in the Property section of the claim form, Mr. Green stated, *"This was money being sent to me by one of my best friends Named Jon Wilkinson as a loan. I am trying to start a water softener and reverse osmosis company here in El Mirage Az. I told him to just do it through the bank but my friend is a lil crazy and very weird about banks and money turned into digital form. Hes just set in his ways. Not having this start up capital has made this whole process of starting my own company very difficult and nearly impossible. At this point my friend is extremely angry with me because he has just lost this money and i'm still trying to get this going."*

49. In response to the space provided for a list of documentation in support of his interest in the seized property, Mr. Green stated: *"All we did was talk on the phone... like talk talk. He nor am i very big on text messages for i like to hear a friends voice."*

50. On September 9, 2020, the USPIS sent a request for information letter to Colin Green. The following represents a portion of the information requested:

(a) Provide documentation detailing the total amount Mr. Colin borrowed from Jon Wilkinson and the terms of repayment;

(b) Provide documentation regarding the business described in his claim to include the business name, business registration documents, business address, start-up costs, inventory and overhead;

(c) Explain why cash was sent through the mail, instead of a financial instrument or wire transfer;

(d) Explain why a certified narcotics detection canine alerted to Priority Mail Express EE 381 013 760 US; and,

(e) Explain why Jon Wilkinson did not submit a Claim or Petition for currency he mailed to Colin Green.

51. Mr. Colin's deadline to respond to the letter was September 21, 2020. USPIS has not received a response from Mr. Colin.

52. Also on September 9, 2020, research was conducted through the Arizona Secretary of State and Arizona Corporation Commission for businesses associated with Colin Green. The research revealed Colin Green is not listed as a statutory agent for any registered businesses in the State of Arizona.

## **FIRST CLAIM FOR RELIEF**

The defendant property was furnished or intended to be furnished by a person in exchange for a controlled substance or listed chemical in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, or constitutes proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of Title II of

9

the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

### SECOND CLAIM FOR RELIEF

The defendant property constitutes or is derived from proceeds traceable to some form of specified unlawful activity, conducted and attempted to conduct a financial transaction, i.e., the movement of the proceeds of trafficking in controlled substances, with the intent to promote and carry on trafficking in controlled substances in violation of a violation of 18 U.S.C. § 1952, and therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

### THIRD CLAIM FOR RELIEF

The defendant property is property involved in a transaction or attempted transaction in a violation of 18 U.S.C. § 1956, money laundering, with the intent to promote the carrying on of a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7) and 1961, including but not limited to distribution of a controlled substance, and is property which constitutes or is derived from proceeds traceable to a violation of a specified unlawful activity, and therefore is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).

### POTENTIAL CLAIMANT

If you assert an interest in the subject property and want to contest the forfeiture, you must file a verified claim that fulfills the requirements set forth in Supplemental Rule G. To avoid entry of default, a verified claim must be filed no later than thirty-five days from the date this Complaint has been sent in accordance with Supplemental Rule G(4)(b). An answer or motion filed under Fed. R. Civ. P. 12 also must be filed no later than twenty-one days after filing the claim. The claim and answer must be filed in the United States District Court for the District of Arizona under the case number listed in the caption above and a copy must be served upon the undersigned Assistant United States Attorney at the address provided in this Complaint.

This notice provision does not provide you with any legal advice and is designed only to provide you with a general understanding of these proceedings. Any statements made in your claim or answer may be introduced as evidence against you in any related or

future criminal case. You should consult an attorney to represent your interests in this matter, and note that a stay of proceedings may be available under 18 U.S.C. § 981(g)(2).

IF YOU ARE A VICTIM, and have sustained economic loss as a result of the crime(s) giving rise to this civil action, you may be entitled to petition for remission, mitigation, or restoration under Title 28, Code of Federal Regulations ("C.F.R."), section 9.2. In lieu of filing a Claim with the Court, you may promptly submit a letter outlining your interest in the property to the undersigned Assistant United States Attorney. Plaintiff will notify you when it has received your letter, and further instructions may be provided upon conclusion of this action. The United States Attorney General shall have sole responsibility for disposing of petitions for remission or mitigation with respect to property involved in a judicial forfeiture proceeding under 18 U.S.C. § 981(d) and 21 U.S.C. § 881(d). If your status as a victim is contested, timely receipt of your letter will not shield you from entry of default for failing to file a proper claim with the Court.

IF YOU ARE A LIENHOLDER, it is the policy of the United States Attorney's Office to honor all claims received from legitimate titled lienholders as defined under 28 C.F.R. § 9.2. In lieu of filing a claim with the Court, you may send a letter to the undersigned Assistant United States Attorney outlining your interest in the property, including: (1) the amount presently owed on the lien; (2) a copy of the security agreement setting forth your interest; and, (3) whether the owner is in default. If your lien is sufficient, Plaintiff will notify you to verify receipt of your letter. In the event of forfeiture, and to the extent practicable, proceeds from the sale and disposition of the subject property will be remitted to you in satisfaction of the lien. As noted above, timely receipt of your letter will not shield you from entry of default for failing to file a proper claim with the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, the United States of America prays that process issue for an arrest warrant *in rem* issue for the arrest of the defendant property; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant property be forfeited to the United States of America

for disposition according to law; and that the United States of America be granted such other and further relief as this Court deems just and proper, together with the costs and disbursements of this action.

Respectfully submitted this 30th day of October 2020.

MICHAEL BAILEY
United States Attorney
District of Arizona

*S/Mark J. Wenker*
MARK J. WENKER
Assistant United States Attorney

# **VERIFICATION**

I, Antoine Martel, hereby verify and declare, under penalty of perjury, that I am an Inspector with the United States Postal Inspection Service, that I have read the foregoing Complaint for Forfeiture *In Rem* and know the contents thereof, and that the matters contained in the Complaint are true to my own knowledge except that those matters herein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Executed on this 29th day of October 2020.

_____
Antoine Martel, Inspector
United States Postal Inspection Service

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use <u>only</u> in the District of Arizona.

**The completed cover sheet must be printed directly to PDF and filed as an attachment to the Complaint or Notice of Removal.**

---

| | |
|---|---|
| **Plaintiff**(s): **United States of America** | **Defendant**(s): **$19,520.00 in United States Currency** |
| County of Residence: Maricopa | County of Residence: Maricopa |
| County Where Claim For Relief Arose: Maricopa | |
| Plaintiff's Atty(s): | Defendant's Atty(s): |
| Mark J Wenker , AUSA<br>DOJ<br>40 N Central Ave., Suite 1800<br>Phoenix, Arizona  85004<br>602-514-7500 | |

---

II. Basis of Jurisdiction:   **1. U.S. Government Plaintiff**

III. Citizenship of Principal Parties
(**Diversity Cases Only**)
　　　　　　　　Plaintiff:- **N/A**
　　　　　　　Defendant:- **N/A**

IV. Origin :   **1. Original Proceeding**

V. Nature of Suit:   **625 Drug Related Seizure of Property 21 USC 881**

VI. Cause of Action:   **civil action in rem, brought to enforce the provision of 21 U.S.C. § 881(a)(6) for forfeiture of United States currency which represents proceeds of trafficking in controlled substances**

VII. Requested in Complaint
　　　　　　　Class Action: **No**
　　　　　　Dollar Demand:
　　　　　　Jury Demand: **No**

VIII. This case **is not related** to another case.

**Signature:  S/ Mark J. Wenker**

**Date:  <u>10/30/2020</u>**

**If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, save this form as a PDF and include it as an attachment to your case opening documents.**

Revised: 01/2014