WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-20-02100-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| $19,520.00 in US Currency, | |
| Defendant. | |

Pending before the Court is Plaintiff United States' ("Plaintiff") Motion for Entry of Default Judgment of Forfeiture (Doc. 10). Plaintiff filed this civil *in rem* action against Defendant property on October 30, 2020 (Doc. 1), and, as no other party has appeared, answered, or otherwise pleaded, the Clerk of Court entered default on January 13, 2021 (Doc. 9). Plaintiff makes its Motion under Federal Rule of Civil Procedure 55 and Supplemental Rule G. For the following reasons, the Motion is granted.

**I.    Background**

Because the Clerk entered default, the Court will take the Complaint's factual allegations as true. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (stating that upon default, a complaint's allegations are taken as true, except those relating to damages).

On May 27, 2020, Postal Inspectors in Phoenix, Arizona examined a parcel that bore some characteristics commonly associated with parcels containing proceeds from the sale of controlled substances. (Doc. 1 at ¶ 9). The parcel's handwritten label was addressed to

Colin Green, and the return address was for Jon Wilkinson. (*Id.* at ¶ 10). Upon inspection, the parcel's destination appeared to be valid, but the return address was not associated with anyone named Jon Wilkinson. (*Id.* at ¶ 19). Later investigations would reveal that, although nobody named Jon Wilkinson is associated with the address, someone named Jon Wilkinson "was known to receive mail there." (*Id.* at ¶ 42). In addition, the parcel was not sent from the zip code listed on the return address. (*Id.* at ¶ 16). Because other parcels sent by narcotic traffickers often share these quirks, Postal Inspectors removed this parcel from the mail stream. (*Id.* at ¶ 9).

The Inspectors presented the parcel to "Nicole," a Belgian Malinois and "sophisticated drug dog" trained to detect "the odors of cocaine, marijuana, heroin, methamphetamine, and their derivatives." (*Id.* at ¶¶ 27, 28). Nicole alerted to the parcel. (*Id.* at ¶ 29). "Based on training and experience investigators know that individuals who regularly handle controlled substances often leave the scent of controlled substances on the box and other packaging materials they handle." (*Id.* at ¶ 30). On May 28, the Inspectors obtained a search warrant for the parcel, which they executed the next day, on May 29. (*Id.* at ¶ 31). Inside the parcel were various items including rocks, plastic bags, used socks, a belt, a watch face, a blue butane lighter, and "rubber banded bundles of U.S. currency totaling $19,520.00." (*Id.* at ¶¶ 32, 33). Of that sum, $11,020.00 consisted of $20 bills. (*Id.* at ¶ 35).

On the same day the Postal Inspectors executed their warrant, someone who claimed to be Jon Wilkinson called the Post Office and asked about the parcel. (*Id.* at ¶ 37). The man who called said the parcel contained "rock samples, meteorites and vintage watches." (*Id.* at ¶ 38). The contact number provided with the call was associated with a "John Jack." (*Id.* at ¶ 40). Investigators "were unable to obtain sufficient information for 'Jon Wilkinson' to conduct a criminal history inquiry." (*Id.* at ¶ 43).

A criminal history inquiry for Colin Green revealed several drug-related convictions, including possession of marijuana and drug paraphernalia. (*Id.* at ¶ 44). On August 19, 2020, the United States Postal Inspection Service received a claim for the

1  Defendant property from Colin Green.  (*Id.* at ¶ 47).  On the property claim form, Colin
2  Green claimed that his friend, Jon Wilkinson, had sent the money as a loan to start a "water
3  softener and reverse osmosis company . . . ." (*Id.* at ¶ 48).  He said this loan was agreed to
4  over the phone, so there was no written memorial of it.  (*Id.* at ¶¶ 48, 49).  Colin Green
5  failed to respond to a request for further information form the United States Postal
6  Inspection Service.  (*Id.* at ¶¶ 50, 51).  Investigators could not find a business associated
7  with Colin Green, nor is he listed as a statutory agent for any registered business in Arizona.
8  (*Id.* at ¶ 52).

9  Plaintiff brings three claims.  The first is brought under 21 U.S.C. § 881(a)(6) "for
10 forfeiture of United States currency which represents proceeds of trafficking in controlled
11 substances or was used or intended to be used in exchange for controlled substances or was
12 used or intended to be used to facilitate a violation of Title II of the Controlled Substances
13 Act, 21 U.S.C. § 801 *et seq.*" (*Id.* at 1).  Second, Plaintiff claims the Defendant property
14 is or is derived from proceeds from an unlawful activity conducted with the intent to
15 promote and carry on trafficking in controlled substances in violation of 18 U.S.C. § 1952.
16 (*Id.* at 10).  Finally, Plaintiff claims the Defendant property is involved in money
17 laundering in violation of 18 U.S.C. § 1956 with the intent to carry on an unlawful activity
18 defined in 18 U.S.C. §§ 1956(c)(7), 1961.  (*Id.*)  Forfeiture in the second and third claims
19 is sought under 18 U.S.C. §§ 981(a)(1)(A) and (C).  (*Id.*)

20 **II.    Legal Standard**

21 Although courts strongly prefer to decide cases on their merits, they may use their
22 discretion to enter default judgment.  *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986);
23 *see also* Fed. R. Civ. P. 55.  If default judgment is sought against a party that failed to plead
24 or otherwise defend, courts must determine they have subject matter jurisdiction over the
25 matter and personal jurisdiction over the party.  *In re Tuli*, 172 F.3d 707, 712 (9th Cir.
26 1999).

27 Once a court finds jurisdiction, it must consider: "(1) the possibility of prejudice to
28 the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the

complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1471–72. Upon default, a complaint's factual allegations are taken as true, except for those relating to damages. *Geddes*, 559 F.2d at 560.

**III.   Analysis**

The Court will establish its jurisdiction before turning to the *Eitel* factors. District courts have original jurisdiction over any forfeiture action incurred under any act of Congress, except matters dealing with international trade. 28 U.S.C. § 1355(a). Forfeiture actions may be brought in the district court where any part of the forfeiture arose. *Id.* at § 1355(b). Because the Defendant property was seized in Arizona, (Doc. 1 at ¶ 9), the Court finds the action was properly bought in this District and that the Court has jurisdiction over this civil *in rem* action. The Court will now evaluate the *Eitel* factors.

**a.   Prejudice to Plaintiff**

If default judgement were denied, Plaintiff would be prejudiced by needing to litigate and spend further resources on an action with no opposing party. *See United States v. $27,800 in U.S. Currency*, 2017 WL 6345394, at *4 (S.D. Cal. Dec. 8, 2017). The first factor weighs in favor of granting default judgment.

**b.   Merits of Plaintiff's Claim & the Complaint's Sufficiency**

"Under an *Eitel* analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together." *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010). The Complaint brings its forfeiture claims under both 21 U.S.C. § 881 and 18 U.S.C. § 981. (Doc. 1 at 1, 10).

Under § 881, property is subject to forfeiture if it is "(1) furnished or intended to be furnished in exchange for a controlled substance; (2) traceable to such an exchange; or (3) used or intended to be used to facilitate a violation of federal drug laws." *United States v. $191,910.00 in U.S. Currency*, 16 F.3d 1051, 1071 (9th Cir. 1994) *superseded by statute on other grounds as stated in United States v. $80,180.00 in U.S. Currency*, 303 F.3d 1182,

1184 (9th Cir. 2002).

Under § 981, "the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture . . . ." 18 U.S.C. § 983(c). There must be a "substantial connection between the property and the offense" if the Government alleges that the property was used to commit, facilitate, or was involved in the commission of a criminal offense. *Id.* The two criminal offenses claimed here are for violations of 18 U.S.C. § 1952 and § 1956. (Doc. 1 at 10). The first requires showing (1) the use of the mail, (2) with intent to distribute the proceeds of an "unlawful activity," which include (3) a "business enterprise involving . . . narcotics or controlled substances (as defined in section 102(6) of the Controlled Substances Act) . . . ." 18 U.S.C. § 1952. The second, § 1956, requires showing: "(1) the defendant conducted or attempted to conduct a financial transaction; (2) the transaction involved the proceeds of unlawful activity; (3) the defendant knew that the proceeds were from unlawful activity; and (4) the defendant knew that the transaction was designed in whole or in part—(i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity." *United States v. Wilkes*, 662 F.3d 524, 545 (9th Cir. 2011) (internal quotations and citations omitted).

In light of the Complaint's allegations, taken as true, the Court finds the Complaint sufficiently states a claim and that Plaintiff has shown by a preponderance of the evidence that the Defendant property is subject to forfeiture. Many of the Complaint's allegations support this conclusion. First, Nicole, the narcotics-detection canine, alerted to the Defendant property. *See United States v. $22,474.00 in U.S. Currency*, 246 F.3d 1212, 1216 (9th Cir.2001) ( "[A] drug detection dog's positive alert to a large sum of money" constitutes "'strong evidence'" of a connection to drug trafficking.). Second, the money itself consisted mainly of $20 bills. *See United States v. $27,800 in U.S. Currency*, 2017 WL 6345394, at *4 (S.D. Cal. Dec. 8, 2017) (stating the use of small denominations contributes to a finding of probable cause that the money is connected to illegal activity); *United States v. Approximately $17,872 in U.S. Currency*, 2009 WL 2990496, at *3 (N.D.

Cal. Sept. 11, 2009) (same).  Third, despite his limited contact with authorities, Colin Green never responded to Postal Inspectors' request for additional information so to obtain what he described as a loan from Jon Wilkinson.  These circumstances, combined with the parcel's unusual contents and packaging, support an inference that Colin Green and whoever the sender may be, intended to avoid detection.  Finally, Colin Green has an extensive history of drug-related offenses.  *See United States v. U.S. Currency $83,310.78*, 851 F.2d 1231, 1236 (9th Cir. 1988) (finding that a history of drug-related convictions "are circumstances demonstrating more than a mere suspicion of . . . involvement in illegal drug transactions").

Overall, the circumstances as described in the Complaint adequately state a claim for forfeiture under both 21 U.S.C. § 881 and 18 U.S.C. § 981.  And given that the Court must  assume the Complaint's allegations are true, there is a strong likelihood that Plaintiff would prevail on the merits.  These factors, therefore, favor entering default judgment.

### c. The Money at Stake

The Defendant property at stake here is $19,520.00.  The Court is required to consider this amount "in relation not the seriousness of Defendant's conduct."  *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002).  Other courts in this District have found  much greater sums, also seized on suspicion of their relation to the sale of illicit narcotics, to be reasonable in light of the seriousness of the alleged crime. *See United States v. $50,460.00 in U.S. Currency*, 2016 WL 3345488, at *4 (D. Ariz. June 16, 2016); *United States v. $86,496.00 in U.S. Currency*, 2008 WL 2687141, at *2 (D. Ariz. July 2, 2008).  Given the seriousness of the crimes at issue, the Court finds this amount to be reasonable.  This factor counsels entering default judgment.

### d. Possibility of Dispute

No party has appeared to defend this action and the Court views the Complaint's allegations as true. *See Geddes*, 559 F.2d at 560  Therefore, the possibility of dispute is very low. This factor weighs in favor of entering default judgment.

…

### e. Excusable Neglect

Supplemental Federal Rule of Civil Procedure G governs *in rem* forfeiture actions. The notice requirements therein state that Plaintiff must send notice of the action and a copy of the complaint by means reasonably calculated to reach a potential claimant. Fed. R. Civ. P. G(4)(b). In addition, the Rule G requires the government publish notice of the action. *Id.* at G(4)(a). Plaintiff sent notice of this action to both Colin Green and Jon Wilkerson via first class and certified United States mail. (Docs. 6; 6-1). Plaintiff sent the notice to the addresses that were marked on the parcel containing the Defendant property. (Doc. 1 at ¶ 10). Plaintiff also published notice of this action on an official government internet site for at least 30 consecutive days. (Docs. 7: 7-1). The Court finds that Plaintiff has complied with the correct notice procedures. Also, the Court finds Colin Green's limited contact with Plaintiff made him reasonably aware that the Defendant property was subject to forfeiture. (Doc. 1 at ¶¶ 47–52). In total there is no indication that default was entered in this matter due to excusable neglect. This factor also indicates entering default judgment is appropriate.

### f. Policy Favoring Decisions on the Merits

The Court is unable to reach the merits of this case because no party has pleaded or otherwise defended this action. While courts strive to adjudicate cases on their merits, that is not possible here. *See Eitel*, 782 F.2d at 1472.

### IV. Conclusion

Overall, the Court finds the *Eitel* factors weigh in favor of entering default judgment and there is no just reason for delay.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment (Doc. 10) is **granted**.

**IT IS FURTHER ORDERED** that the interest of Colin Green, Jon Wilkinson and all others in Defendant $19,520.00 in United States currency, is forfeited to the United States of America in accordance with 21 U.S.C. § 881 and 18 U.S.C. § 981(a)(1)(A) and

(C).  Defendant property shall be disposed of according to law.

**IT IS FINALLY ORDERED** that the Clerk of Court is directed to enter judgment accordingly.

Dated this 13th day of May, 2021.

Honorable Diane J. Humetewa
United States District Judge